2024 IL App (2d) 230476
No. 2-23-0476
Opinion filed March 28, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2335 |
| JESUS PALOMAR, | ) ) ) | Honorable Michael Noland |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Schostok and Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1   This case presents questions about the scope of our review of appeals under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023) from pretrial release orders under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Acts 101-652 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). Specifically, we consider what is the appropriate course of action when a criminal defendant checks "the boxes" on the notice of appeal form, purporting to raise an issue for our review, but fails to explain the basis for the claim, and then appellate counsel declines to file a memorandum. The State has asserted that the appeal must be dismissed, while the appellate

defender asserts we should nevertheless at least review the record on appeal. As explained below, we are pursuing the latter course.[1]

¶ 2                                    I. BACKGROUND

¶ 3      We take our information at this preliminary stage from the short supplemental record filed with this court. On October 31, 2023, defendant was arrested and charged by complaint with two counts of aggravated domestic battery for striking his stepson, J.P., 14, multiple times in the head and on the upper body. The charges were enhanced to Class 3 felonies because of defendant's three prior convictions for domestic battery. See 720 ILCS 5/12-3.2(a)(1), (a)(2), (b) (West 2022). The State also filed a verified petition to deny defendant's pretrial release based on defendant's real and present threat to the safety of the victim, the victim's family, and the community. See 725 ILCS 5/110-6.1(a)(4) (West 2022). At the time of the offense, defendant was also on probation for his most recent felony domestic battery. For context, we note that J.P.'s mother, Marina, was the victim in each of defendant's three prior domestic battery convictions.

¶ 4      In support of its petition, the State submitted police reports from this case, the prior charged cases, and a pretrial services report. According to the police report in the present case, when the arresting officer responded to the scene, he observed evidence of multiple injuries to J.P. Specifically, J.P. had "red marks on [the] right side of his body, and a bump on his head" and his

---

[1]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision here was due on or before February 7, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act that are pending in this court, as well as the complexity of the issues and the lack of precedential authority, we find good cause for extending the deadline in this case. *People v. Earnest*, 2024 IL App (2d) 230390, ¶ 1 n.2.

"right ear was covered in blood." The incident had something to do with J.P. sleeping on the bottom bunk bed, and defendant stated he had told J.P. to move to the top bunk. Later, according to defendant, when he attacked J.P. a second time, he told police that "he hugged [J.P.] so [that] he wouldn't hit him anymore." Marina witnessed the scuffle but not the events that preceded it.

¶ 5    The pretrial services report in the record contains only an introductory, one-page summary assessment, which includes no detailed information about defendant's prior criminal cases. The exhibit appears incomplete, and it is unclear from the record if more than the first page was submitted to the circuit court. Nevertheless, the summary states that defendant had "3 or More" "Prior Violent Conviction[s]" and that defendant has not had any prior failures to appear in court. The assessment recommends "Max Conditions" if defendant were defendant released; the "Notes" section is left blank.

¶ 6    At a hearing on the State's petition, the prosecutor detailed each of the prior incidents involving Marina, in significant detail. The prosecutor noted that, here, there appeared to be "[no] provocation whatsoever" and stated, "You can tell, Judge, from the defendant's history that this is now escalating [from attacking Marina] to the point that he is attacking a child that lives in his home, and *** if he is willing to hurt a 14-year old, no one in that home is safe." Defense counsel disputed that defendant was the aggressor and suggested that defendant could be placed on global positioning system (GPS) monitoring and reside with his mother, not Marina or her children.

¶ 7    The circuit court agreed with the State. Specifically, the court found that the proof was evident or the presumption great that defendant committed an act of domestic violence against J.P., that defendant was dangerous and had a significant criminal history of "assaultive conduct," and that it was clear that no pretrial conditions could mitigate the threat defendant posed to J.P., Marina, or the community. The court entered an appropriate written order to that effect.

¶ 8    As noted, defense counsel filed a notice of appeal on defendant's behalf using the form provided in the article VI forms appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. Rs. Art. VI Forms Appendix R. 606(d). The form directs its author to check boxes next to the grounds for relief and to "describe in detail." Counsel checked off three boxes indicating that defendant wished to challenge his pretrial detention on those three grounds but did not explain what his claims might have been. The circuit court appointed the Office of the State Appellate Defender (OSAD) as appellate counsel.

¶ 9    Before this court, and before defendant's memorandum was due, the State filed a motion to dismiss. The State asserted that defendant's notice of appeal violated Illinois Supreme Court Rule 604(h)(2) (eff. Dec. 7, 2023), which requires that the notice "shall describe the relief requested and the grounds for the relief requested." Relying on *People v. Inman*, 2023 IL App (4th) 230864, the State appeared to argue that the inadequacy of defendant's notice of appeal precluded our review altogether and that we should not accept anything further from defendant as "[he] should not be allowed to correct this deficiency by filing a memorandum in this case."

¶ 10    The appellate defender filed a response noting that in *Inman*, which was factually similar, the appellate court did not dismiss the case but instead reviewed the record and affirmed the judgment, essentially, on the merits. *Inman*, 2023 IL App (4th) 230864, ¶¶ 13-19. The appellate defender asserted that we would not be required to formulate defendant's possible arguments for him; the record is simple and "there is only one issue in dispute[:] whether [defendant] should be detained." According to counsel, "Providing appellate review of the merits, based on the arguments made at the hearing, [would be] an uncomplicated endeavor." Roughly a week later, the appellate defender filed notice that defendant would not be submitting a memorandum of law. That brings us to the matter at hand.

¶ 11                              II. ANALYSIS

¶ 12    The question of what to do with a deficient notice of appeal from an order for pretrial

detention or for release with conditions is largely a new issue. "[W]hile a notice of appeal is

jurisdictional," we are instructed "that such a notice is to be construed liberally." *People v. Smith*,

228 Ill. 2d 95, 104 (2008). Generally, the notice will be accepted if it identifies the order from

which the appeal is taken. *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). In other words:

> "The notice is sufficient to confer jurisdiction if, considered as a whole and construed
>
> liberally, it fairly and adequately identifies the complained-of judgment. *Smith*, 228 Ill. 2d
>
> at 104-05. The failure to comply strictly with the form of the notice is not fatal if the
>
> deficiency is nonsubstantive and the appellee is not prejudiced. *Smith*, 228 Ill. 2d at 105."
>
> *Lewis*, 234 Ill. 2d at 37.

¶ 13    Those broad pronouncements were made before the advent of the Act's amendments to

article 110 of the Code (725 ILCS 5/art. 110 (West 2022)), which governs the pretrial release of

criminal detainees in Illinois. Under those amendments (Pub. Act 101-652, § 10-255 (eff. Jan. 1,

2023); Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023)), all persons charged with an offense are eligible

for pretrial release without monetary security. See 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022).

The Act's amendments to the Code also provide that either the State or the defendant may seek an

appeal. See 725 ILCS 5/110-5(k), 110-6(a), 110-6.1(j)-(k), 110-6.6(a)-(b) (West 2022).

¶ 14    As part of the judiciary's response to the Act, our supreme court amended rules to govern

appeals from pretrial detention decisions. See Ill. S. Ct. Rs. 604(h), 606(d) (eff. Dec. 7, 2023). One

of the rules prescribes using a form notice of appeal, in which the appellant can check off boxes

that include summarized arguments and space to elaborate on the basis for the appealing party's

claim of error. This is a new practice, beyond merely specifying the date of the judgment appealed,

and it is unique to pretrial detention appeals. Compare Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023) with Ill. S. Ct. R. 303(b) (eff. July 1, 2017).

¶ 15    Here, defendant's notice of appeal fails to comply with Rule 604(h)(2), as it does not describe the relief requested or the grounds for that relief. We agree with other districts that this failure is *not* a jurisdictional bar to our review of a pretrial detention order but instead presents a question of forfeiture. See *People v. Gathing*, 2023 IL App (3d) 230491, ¶ 13; *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶ 9; *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 12-13; *People v. Presley*, 2023 IL App (5th) 230970, ¶ 25; see also *Lewis*, 234 Ill. 2d at 37 (no step, other than timely filing a notice of appeal, is jurisdictional). Forfeiture, of course, is a limitation on the parties, not on the court. But here, no real argument has been raised regarding why the detention order should be overturned or what conditions would be realistic and appropriate. All that remains is a vague suggestion that the State's evidence was somehow insufficient, and we disagree with that suggestion.

¶ 16    We review the circuit court's ultimate determination of pretrial release for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. In so doing, we are mindful that the question is not whether we would have made the same decision in the first place. "Rather, the question is whether the [circuit] court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." (Internal quotation marks omitted.) *People v. Peterson*, 2017 IL 120331, ¶ 125.

¶ 17    We have jurisdiction but "nothing on which to base an analysis of the defendant's allegations on appeal," all of which defendant has forfeited by failing to develop the arguments in the notice of appeal and by declining to submit an optional memorandum. *People v. Duckworth*, 2024 IL App (5th) 230911, ¶ 8; see also *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 28. We

nevertheless agree with defendant's response to the State's motion to dismiss that we are empowered to review the merits, in part, as part of our responsibility to ensure the orderly administration of justice. This principle has a long tradition in Illinois. See *Wray v. People*, 70 Ill. 664, 669 (1873) (a pretrial release case, noting that "when it appears that [the circuit court's] discretion has been abused, or not properly exercised, in the administration of justice, it may often be the duty of appellate courts to review and correct the decisions of the lower courts"). We note, too, that an interlocutory appeal under Illinois Supreme Court Rule 604(c) (eff. Dec. 7, 2023) is the sole means by which a criminal defendant can obtain review of a pretrial detention order, which, like a bail order, is not reviewable on direct appeal following a conviction. See *People v. Harris*, 38 Ill. 2d 552, 555 (1967); *People v. Saunders*, 122 Ill. App. 3d 922, 927-28 (1984).

¶ 18    For these reasons, when confronted with such cases in the future, we obviously will not synthesize arguments for either the defendant or the State, just as we would not speculate as to the opposing party's response. *Inman*, 2023 IL App (4th) 230864, ¶¶ 13-19. That would, as one court vividly put it, turn us into " 'pigs, hunting for truffles buried in [the record]' " (*Gross v. Town of Cicero*, 619 F.3d 697, 702 (7th Cir. 2010) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (*per curiam*)), and we decline to take up that endeavor. Rather, we will examine the record to ensure that the proceedings and the circuit court's order both comply with the statutory authority, nothing more. As our colleagues in the Fourth District have noted, in similar cases, we will not serve as defendant's advocate; we will simply evaluate the record and defer to the circuit court, presuming that it knew the law and properly applied it. See *Inman*, 2023 IL App (4th) 230864, ¶¶ 13-17. Unless the record shows that the circuit court made a clear error of law, we have no real option but to affirm such judgments on their merits.

¶ 19                                        III. CONCLUSION

¶ 20　　Here, the record shows no error in the proceedings. Defendant's criminal history clearly and convincingly showed that, at the very least, he is a danger to the victim and the victim's mother. It also indicates that no customary pretrial release condition can mitigate the threat that defendant poses. Therefore, we deny the State's motion to dismiss, and affirm the judgment of the circuit court of Kane County denying defendant's pretrial release.

¶ 21　　Affirmed.

*People v. Palomar*, **2024 IL App (2d) 230476**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 23-CF-2335; the Hon. Michael Noland, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Manuela Hernandez, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |