2024 IL App (2d) 240207-U
No. 2-24-0207
Order filed June 11, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23-CF-2087 |
| | ) | |
| EDUARDO MONTES, | ) | Honorable |
| | ) | Clint T. Hull, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: The defendant forfeited his bare, conclusory contentions, and our independent review of the record reveals no clear error of law in the trial court's revocation of the defendant's pretrial release.

¶ 2    This case concerns the circuit court of Kane County's revocation of defendant Eduardo Montes' pretrial release. On September 26, 2023, the defendant was charged by indictment in case No. 23-CF-2087 with driving while license suspended/revoked (fourth to ninth offense) (625 ILCS 5/6-303(a) (West 2022)), a class 4 felony. The defendant had six prior convictions for driving

while his license was suspended or revoked. He also had two prior convictions for driving under the influence of alcohol. The trial court ordered that he be released prior to trial.

¶ 3    On February 22, 2024, the defendant again was charged with driving while his licensed was suspended or revoked. That case was docketed as case No. 24-CF-356. The trial court placed him on "maximum pretrial conditions" with an order not to drive a motor vehicle without a valid driver's license, or to commit any further criminal violations.

¶ 4    On March 1, 2024, the defendant was again arrested and charged with driving while his license was suspended or revoked. The trial court granted the State's petition to revoke the defendant's pretrial release in both case No. 23-CF-2087 and case No. 24-CF-356. The defendant thereafter filed a timely notice of appeal. This appeal concerns only case No. 23-CF-2087.

¶ 5    Rule 604(h) provides that an appellant may either stand on his or her notice of appeal or may, but is not required to, file a memorandum. Ill. Sup. Ct. R. 604(h)(2) (eff. Dec. 7, 2023). The defendant expressly declined to file a memorandum, and he therefore elected to stand on his notice of appeal. Appeals under Rule 604(h) are governed by a procedure that is "demonstrably different" than typical appeals, but this process does not "function independently from the larger, longstanding body of law governing appeals." *People v. Inman*, 2023 App (4th) 230864, ¶¶ 10, 13. Rule 604(h) still requires that a notice of appeal include both a description of the relief sought and the grounds for that relief. *Id.* ¶ 13. Indeed, "some form of argument is required, along with justification for claiming entitlement to relief—like references to the record, the evidence presented, or, if possible, legal authority." *Id*.

¶ 6    Here, although the defendant checked four boxes as to why the trial court erred in revoking his pretrial release—that he was not charged with a qualifying offense, that he was not a threat to anyone, that conditions could mitigate his threat to the safety of any person, and that conditions

could ensure his attendance at later hearings—he did not explain how the trial court actually erred. Rather, he just provided a synopsis of the trial court's rulings and stated that his counsel argued that he would be a good candidate for electronic home monitoring. These bare, conclusory contentions give us nothing to review; as such, the defendant's contentions on appeal are forfeited. See *People v. Woods*, 2024 IL App (3d) 230592, ¶ 32 ("In appeals under Rule 604(h), a defendant forfeits bare contentions made in the checked boxes of a notice of appeal if he or she does not develop and present an argument, supported with reference to the record and relevant legal authority if available, either in the notice of appeal or in a memorandum").

¶ 7 Even if we were to overlook the defendant's forfeiture, we would conclude that the trial court's order was supported by sufficient evidence and complied with the statutory authority. See *People v. Palomar*, 2024 IL App (2d) 230476, ¶ 18 (holding that when a defendant merely checks boxes on a notice of appeal form but fails to explain the basis for the claim, the appellate court should nevertheless examine the record to ensure that the proceedings and the circuit court's order adhere to the Pretrial Fairness Act, nothing more). There was ample evidence that the defendant had committed a detainable offense—driving with a license revoked or suspended for the fourth to ninth time—and that his frequent driving violations constituted a danger to the community.

¶ 8 As to whether the trial court should have ordered electronic home monitoring rather than imposing pretrial detention, the defendant's argument would be more persuasive had he not already been on pretrial release in both case No. 23-CF-2087 and case No. 24-CF-356. The trial court could reasonably find that the defendant's violations of the conditions of his pretrial release in these cases demonstrated that conditions less than detention would be insufficient.

¶ 9     Accordingly, because the record reveals no clear error of law, and in the absence of any meaningful argument to the contrary offered by the defendant, "we have no real option but to affirm." *Id.* ¶ 19.

¶ 10    The judgment of the circuit court of Kane County revoking the defendant's pretrial release is affirmed.

¶ 11    Affirmed.