2024 IL App (2d) 240346-U
No. 2-24-0346
Order filed August 19, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.  24-CF-854 |
| DESHONTA HILL, | ) ) ) ) | Honorable Salvatore LoPiccolo and Thomas C. Hull III, |
| Defendant-Appellant. | ) | Judges, Presiding. |

_____

JUSTICE MULLEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting the State's petition to deny defendant pretrial release and ordering her detained.

¶ 2    Defendant, Deshonta Hill, appeals from orders of the circuit court of Kane County (1) granting the State's verified motion to deny pretrial release and ordering her detained pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)) and (2) denying her subsequent motion for relief (Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024)). See Pub. Acts 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1, 2023) (we will

refer to these public acts collectively as the "Acts").[1] On appeal, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that: (1) the proof is evident or the presumption great that she committed the offenses charged; (2) she poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. We affirm.

¶ 3                               I. STATEMENT OF FACTS

¶ 4                               A. Factual Background

¶ 5      On April 26, 2024, defendant was charged by criminal complaint in the circuit court of Kane County with multiple felony and misdemeanor offenses against Daisy C. Janisch (case No. 24-CF-854). Relevant to this appeal, count I of the complaint charged defendant with aggravated battery (great bodily harm) (720 ILCS 5/12-3.05(a)(1) (West 2022)) and count II charged defendant with aggravated battery (use of a deadly weapon) (720 ILCS 5/12-3.05(f)(1) (West 2022)). Specifically, count I alleged that defendant, "while committing a battery ***, knowingly, without legal justification[,] caused great bodily harm to *** Janisch, in that [defendant] beat up [Janisch] and broke two of [Janisch's] fingers." Count II alleged that defendant, "while committing a battery ***, knowingly, without legal justification, caused bodily harm to *** Janisch, by use of

_____

[1] Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act." However, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

a deadly weapon, being a bat, in that [defendant] struck [Janisch] in the hands and arms several times with the bat." Both offenses are Class 3 felonies. 720 ILCS 5/12-3.05(h) (West 2022).

¶ 6 Also on April 26, 2024, the State filed a "Verified Petition to Deny Defendant Pretrial Release" (Petition). The State urged the trial court to deny defendant pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)) because defendant was charged with (1) a forcible felony offense as listed in section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)) or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement and (2) aggravated battery with a deadly weapon other than by discharge of a firearm under section 12-3.05(f)(1) of the Criminal Code of 2012 (720 ILCS 5/12-3.05(f)(1) (West 2022)). 725 ILCS 5/110-6.1(a)(1.5), (a)(6) (West 2022). The State alleged that defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community. The State attached to the Petition an addendum listing defendant's criminal history from 1991 to 2024. The addendum indicated that defendant had been convicted of various felonies which resulted in sentences of incarceration, including multiple convictions of theft, manufacture or delivery of a controlled substance, and unlawful possession of a controlled substance. Other felony and misdemeanor convictions included unlawful use of a credit card, retail theft (seven convictions), forgery, battery, criminal trespass to real property, criminal trespass to land (three convictions), retail fraud, domestic battery, assault, obstructing identification, resisting a peace officer (three convictions), possession of drug paraphernalia, and battery with possession of drug paraphernalia. The addendum indicated that defendant was on court supervision for her battery conviction (Kane County case No. 23-CM-800) at the time the offenses at issue occurred. Additionally, the addendum referenced pending charges against defendant for battery and criminal damage to property (Kane County case No. 24-CM-238).

¶ 7     The State also attached to the Petition three additional documents: (1) a sworn synopsis drafted by the arresting agency in the case at issue (No. 24-CF-854); (2) a sworn synopsis drafted by the arresting agency in case No. 23-CM-800; and (3) a field case report supplement drafted by the arresting agency in case No. 24-CM-238. The synopsis in case No. 24-CF-854 provides that on April 20, 2024, Officer Elisa Versetto of the Elgin Police Department went to Sherman Hospital to investigate a battery. Officer Versetto encountered Janisch, who was being treated by hospital staff. Janisch reported that defendant struck her in the hand and arms several times with a metal baseball bat and told Janisch that she was going to kill her. Janisch feared for her life. Janisch also reported that she had received threatening text messages from defendant in which defendant threatened Janisch's life and to beat her up. Janisch provided the text messages to Officer Versetto. The author of the threats referred to herself by defendant's name. Hospital personnel confirmed that Janisch had two broken fingers. Officer Versetto also spoke with defendant. Defendant admitted beating up Janisch and "stomp[ing]" on Janisch's hands several times. Defendant also admitted sending threatening text messages to Janisch.

¶ 8     The synopsis in case in case No. 23-CM-800 provides as follows. On May 20, 2023, Officer Matthew Obenauf of the Elgin Police Department was patrolling Riverside Drive in Elgin when he observed a male hunched over on the sidewalk appearing to vomit. The man's eyes were red and watery, and he was having difficulty keeping them open. The man also had mucus coming from his nose. The man indicated that he had been maced. He identified defendant as the assailant. Upon questioning, defendant admitted to a dispute taking place, but denied using pepper spray and none was located on her person. Officer Obenauf reviewed video footage from a city camera. The video showed defendant and the victim exchanging words. Defendant then extends her right arm towards the victim after which the victim falls to his knees.

¶ 9    The report in case No. 24-CM-238 provides that on February 8, 2024, Officer Kordek of the Elgin Police Department responded to a report of an argument.[2] When Officer Kordek arrived at the location, he observed two males and defendant on the front porch of a house. One of the men, Michael B., had his eyes closed and a slight red color to parts of his face. Michael indicated that he had been pepper sprayed. A witness identified defendant as the perpetrator. The witness further related that there was a party at the home. Defendant entered and became upset because "Robert," her ex-boyfriend, was in attendance. Defendant pepper sprayed Michael and others inside the home. She then followed Michael outside and started punching him in the head. The witness also advised that defendant broke a door inside the home.

¶ 10                          B. Detention Hearing

¶ 11    The matter proceeded to a detention hearing on April 26, 2024, before Judge Salvatore LoPiccolo. At the beginning of the hearing, the trial court made a finding of probable cause based on the synopsis in the present case. The State then proffered the following supplementary factual basis in support of the Petition. Janisch received a text message from an unknown number claiming to be her ex-boyfriend. The texter asked Janish to meet at her ex-boyfriend's old address. The texter told Janisch to go to the back of the building. When Janisch arrived, a female, who Janisch knew to be defendant, approached. Defendant had a baseball bat and was upset about "something to do with a male." Defendant started attacking Janisch with the bat. Janisch feared for her life and covered her head. Janisch was struck by the bat on the arms and hands multiple times. During the attack, Janisch heard a male voice urging defendant to leave. After defendant left, Janisch drove to the hospital. Janisch was diagnosed with two broken fingers, one on each hand. Following the attack, defendant sent text messages to Janisch in which she continued to threaten Janisch's life.

_____

[2] The report does not specify Officer Kordek's first name.

The State also reviewed defendant's criminal history (as detailed above), including the synopsis in case No. 23-CM-800 and the report in case No. 24-CM-238.

¶ 12    The State argued that the two felony offenses with which defendant was charged are detainable offenses and that the proof is evident or the presumption great that defendant committed the offenses. The State further contended that defendant poses a real and significant threat to Janisch, pointing to the nature of the unprovoked attack against Janisch and the fact that it was followed by additional threats. In addition, the State argued that defendant poses a threat to the community based on the events in case Nos. 23-CM-800 and 24-CM-238, which involved acts of violence to other individuals. Finally, the State asserted that no conditions or combination of conditions can mitigate the real and present threat to the safety of any persons or the community. The State cited defendant's criminal history, which, it argued, demonstrates a complete disregard for the law. The State noted that despite being incarcerated multiple times, defendant continued to commit offenses. In addition, defendant was on supervision at the time she committed the present offenses. The State asserted that it would be "impossible" for the court to protect the community with electronic home monitoring or GPS given the random nature of defendant's violent attacks.

¶ 13    In response, defense counsel proffered that the State failed to meet their burden of showing that defendant would pose a real and present threat to the community or people at large. Counsel conceded that defendant's felony history is "substantial," but asserted that "absolutely none of it is violent." Counsel later noted that while defendant "has a small handful of violent offenses," they were misdemeanors. Counsel contended it was improper for the State to rely on pending charges as defendant is presumed innocent of those charges prior to trial. Defense counsel also asked the court to consider that defendant, who was 51 years of age, suffers from an underlying medical condition, acid reflux, which causes frequent hospitalizations and renders her unable to work.

Defense counsel asserted that incarceration would be a danger to defendant "because she has to eat a very specific diet" to manage her illness. Defense counsel also posited that the State failed to show that there are no conditions that could mitigate a potential threat to the community. Defense counsel pointed out that there is no relationship between defendant and Janisch, so defendant "can very easily not be around [Janisch] *** if she's released." Defense counsel also argued that defendant has shown that she can follow conditions of release because, in the pending case, she was ordered to appear in court, check in with pretrial services, and not to have contact with the complaining witnesses, and she has complied with these requirements. Finally, defense counsel argued for electronic home monitoring, stating that defendant can live with her brother and sister-in-law. She noted that the incidents at issue are alleged to have occurred outside the home and there was nothing to suggest that if defendant is ordered to remain at home "with movement that is typically allowed with electronic home monitoring," she would not comply.

¶ 14    In reply, the State clarified that in the pending battery case (24-CM-238), there have been no violations of pretrial release conditions because defendant has yet to appear in court and has not been subject to any conditions.

¶ 15    Following the parties' arguments, the trial court granted the State's motion and denied pretrial release. The court found that the proof is evident or the presumption great that defendant committed the two charged aggravated battery offenses, which are detainable. The court premised its finding on the synopsis in the present case and the State's proffer. Specifically, the court noted that defendant lured Janisch to a building and threatened to kill her. Unprovoked, defendant then struck Janisch with a baseball bat, causing serious injuries. Defendant also sent threatening text messages to Janisch after the attack. Moreover, defendant admitted to attacking Janisch and sending her threatening text messages. Next, the court found that the State had proven by clear and

convincing evidence that defendant poses a real and present threat to the safety of Janisch and the community at large. The court cited the nature of the attack on Janisch, which it described as an "ambush" with no clear motive. The court also noted that defendant was on court supervision at the time she committed the present offenses and she has a prior history of violence, including unprovoked pepper spray attacks on two other individuals. The court found that the violence has escalated with each of the incidents described in the police reports. In addition, the court referenced defendant's other convictions, including resisting a peace officer, battery, assault, and domestic battery. Finally, the court found that the State had proven by clear and convincing evidence that there is no condition or combination of conditions that can mitigate the real and present threat posed by defendant. The court cited defendant's extensive criminal history and the fact that she was on court supervision when she committed the present offenses. In addition, the court noted that electronic home monitoring and GPS do not provide "24-7" monitoring. As such, defendant would have opportunities to be out in the community.

¶ 16    After announcing its ruling, the court notified defendant that before she can file a notice of appeal, she must file a written motion for relief in the trial court. See Ill. S. Ct. R. 604(h)(2) (eff. April 15, 2024). The court entered a written order in accordance with its oral findings.

¶ 17                      C. Motion for Relief and Notice of Appeal

¶ 18    On May 22, 2024, defendant filed a "Motion for Relief Under the Pretrial Fairness Act." See Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). In the motion, defendant argued that the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that she committed the offenses charged. Defendant asserted that she is presumed innocent of the charges and the police synopsis submitted by the State was insufficient because it is "based on a probable cause standard which is significantly lower than the [c]lear and

[c]onvincing standard." Defendant also argued that the State failed to meet its burden of proving by clear and convincing evidence that she poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case. In this regard, defendant suggested that it was improper for the court to rely on the synopses in case Nos. 23-CM-800 and 24-CF-854 and the police report in case No. 24-CM-238. Additionally, defendant suggested that it was improper to rely on her criminal history because most of it was from 2008 or earlier. Finally, defendant argued that the State failed to meet its burden of proving by clear and convincing evidence that there were no condition or combination of conditions that would mitigate the risk of her release. Defendant insisted that she could be placed on electronic home monitoring since she is unrelated to Janisch and does not share a residence with her.

¶ 19    A hearing on defendant's motion for relief was held before Judge Thomas C. Hull, III, on May 30, 2024. Following arguments by the parties, the court denied defendant's motion. Defendant then initiated the present appeal. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. OSAD elected not to file a memorandum under Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) (providing that the issues raised in the motion for relief are before the appellate court regardless of whether an optional memorandum is filed). Thus, on appeal, we are limited to the arguments made in defendant's motion for relief. The State filed a response in opposition to the appeal.

¶ 20                                    II. ANALYSIS

¶ 21    Article 110 of the Code, as amended by the Acts, abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Under the Code, as amended, a defendant's

pretrial release may only be denied in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed the offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or the risk of the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)).

¶ 22     We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat or a high likelihood of willful flight, and whether any conditions would mitigate any threat or the risk of willful flight. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite that to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 23    On appeal, defendant raises three arguments. First, she argues that the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that she committed the offenses charged. Second, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that she poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. Finally, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that there are no condition or combination of conditions that can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. We do not find any of these arguments persuasive.

¶ 24    Regarding defendant's first argument, she suggests in her motion for relief that the State's submission of a synopsis is insufficient to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that she committed the offenses charged. Defendant explains that "[p]olice report synopsis are [*sic*] based on a probable cause standard which is significantly lower that the [c]lear and [c]onvincing standard required to make a finding that the proof is evident and presumption great [*sic*] that the defendant committed the instant offense." We do not dispute that the clear and convincing standard is higher than the probable cause standard. *Compare* Black's Law Dictionary (12th ed. 2024) (defining "probable cause" as "[a] reasonable ground to suspect that a person has committed or is committing a crime" with Black's Law Dictionary (12th ed. 2024) (defining "clear and convincing evidence" as "[e]vidence indicating that the thing to be proved is highly probable or reasonably certain") and *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74, noting that evidence is clear and convincing "if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question"); see also *Bazdylo v. Volant*, 164 Ill. 2d 207, 213 (1995) (noting that clear and convincing

evidence is evidence greater than a preponderance of the evidence but less than proof beyond a reasonable doubt); *People v. Copeland*, 2024 IL App (4th) 240612-U, ¶ 15 (stating that the "clear and convincing" standard used in section 110-6.1 of the Code is higher than the "probable cause" standard referenced in the same section). However, we reject the premise underlying defendant's argument. Section 110-6.1(f)(2) of the Code (725 ILCS 5/110-6.1(f)(2) (West 2022)) expressly permits the parties to a detention hearing to present evidence by way of proffer based on reliable information. Indeed, this court has previously held that a police synopsis alone may be sufficient to sustain the State's burden. See, *e.g.*, *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 24; *People v. Jones*, 2024 IL App (2d) 230546-U, ¶ 9; *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24.

¶ 25    More significantly, following a thorough discussion of the proffers, arguments, reports, and applicable statutory provisions, the trial court found that the State proved by *clear and convincing evidence* that the proof was evident or the presumption great that defendant committed the charged offenses. The evidence of record supports this finding. Defendant was charged with two qualifying offenses: aggravated battery (great bodily harm) (720 ILCS 5/12-3.05(a)(1) (West 2022)) and aggravated battery (use of a deadly weapon) (720 ILCS 5/12-3.05(f)(1) (West 2022)). Relevant here, under section 12-3.05(a)(1), a person commits aggravated battery when, in committing a battery, other than by the discharge of a firearm, he or she causes great bodily harm. 720 ILCS 5/12-3.05(a)(1) (West 2022). Under section 12-3.05(f)(1), a person commits aggravated battery when, in committing a battery, he or she uses a deadly weapon other than by discharge of a firearm. 720 ILCS 5/12-3.05(f)(1) (West 2022). A person commits a battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual. 720 ILCS 5/12-3(a) (West 2022). The State's Petition, proffer, and supporting documents demonstrate that defendant

pretended to be Janisch's ex-boyfriend. She then lured Janisch to Janisch's ex-boyfriend's building, ambushed her, threatened her life, and repeatedly struck her with a metal bat. Janisch sustained two broken fingers. In addition, defendant admitted to Officer Versetto that she beat up Janisch. This record was more than sufficient to show by clear and convincing evidence that the proof is evident or presumption great that defendant committed the charged offenses. Hence, the trial court's finding was not against the manifest weight of the evidence.

¶ 26    Next, defendant argued in her motion for relief that the State failed to meet its burden of proving by clear and convincing evidence that she poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case. Defendant notes that, in support of its finding for this element, the trial court relied on the synopsis in this case, the synopsis in case No. 23-CM-800, the police report in case No. 24-CM-238, and her criminal history. However, defendant does not explain why this evidence was insufficient to support the court's finding. Nor does she cite any relevant authority. Thus, defendant has forfeited this argument. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024) ("Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities.") *People v. Woods*, 2024 IL App (3d) 230592, ¶ 32 (holding that undeveloped arguments in Rule 604(h) appeals are forfeited); *People v. Palomar*, 2024 IL App (2d) 230476, ¶ 17 (concluding that a defendant's failure to develop argument in a Rule 604(h) appeal results in forfeiture). Even absent forfeiture, however, the trial court's finding was supported by sufficient evidence.

¶ 27    Under the Code, factors that the trial court may consider in making a determination of dangerousness, *i.e.*, that a defendant poses a real and present threat to any person or the

community, include, but are not limited to: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense; (2) the history and characteristics of the defendant, including whether he or she has a prior criminal history indicative of violent, abusive, or assaultive behavior; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)), the court deems to have a reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior. 725 ILCS 5/110-6.1(g) (West 2022). The statute does not list any singular factor as dispositive. 725 ILCS 5/110-6.1(g) (West 2022).

¶ 28    In this case, the synopsis indicated that the nature and circumstances of the charged offenses were violent, involving defendant luring Janisch under false pretenses to a location where she was ambushed and beaten with a metal baseball bat. The attack was accompanied by threats of death. Janisch subsequently received additional text messages in which defendant again threatened Janisch's life. Defendant was on court supervision at the time of the offenses, and she admitted to the police that she harmed and threatened Janisch. Defendant's criminal record, the synopsis in case No. 23-CM-800, and the police report in case No. 24-CM-238 show that defendant has a history of violent attacks on random individuals. As the trial court cogently observed, the synopses and police report also show that defendant's violent behavior has escalated with each of

the offenses described in those documents. Based on this record of repeated incidents of violence involving random individuals, the repeated threats defendant made to Janisch, and defendant's criminal history, we cannot say that the trial court's finding that defendant poses a real and present threat to Janisch and the community was against the manifest weight of the evidence.

¶ 29 Finally, defendant argued in her motion for relief that the trial court erred in finding that there are no conditions or combination of conditions that can mitigate the risk of her release. Defendant contends that electronic home monitoring would be appropriate given that she is not related to Janisch and does not share a residence with her.

¶ 30 In determining whether a specific threat can be mitigated through the imposition of conditions of pretrial release, the trial court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a)(1)-(5) (West 2022). The history and characteristics of the defendant include his or her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings" as well as "whether, at the time of the current offense or arrest, [he or she] was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

¶ 31    Here, the trial court found by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the physical safety of any person or persons. We cannot find that a conclusion opposite that of the trial court's is clearly apparent. Although defendant recites electronic home monitoring as a condition that may be imposed, the trial court rejected this proposal as inadequate since it would permit periods of time when defendant would be allowed to go to other locations without monitoring, thereby resulting in defendant having unrestricted contact with others in the community. Indeed, electronic home monitoring is dependent on the ability to intervene once a violation of the conditions of release is detected. The trial court also cited defendant's extensive criminal history and the fact that she was on court supervision when she committed the present offenses. Considering defendant's extensive criminal history, including violent, unprovoked attacks on apparently random individuals, it is not unreasonable to conclude that such a condition would be insufficient to ensure the well-being of Janisch and the community at large. Accordingly, the trial court's finding that no condition or combination of conditions can mitigate the real and present threat to the physical safety of any person or persons or the community was not against the manifest weight of the evidence.

¶ 32    In short, considering the record before us, we cannot say that the trial court's factual findings are against the manifest weight of the evidence. Moreover, based on the trial court's factual findings, we conclude that its order granting the petition to deny defendant pretrial release was not an abuse of discretion.

¶ 33                                III. CONCLUSION

¶ 34    For the reasons set forth above, we affirm the judgment of the circuit court of Kane County.

¶ 35    Affirmed.