2026 IL App (1st) 252046-U

No. 1-25-2046B

First Division
February 4, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINIOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24 CR 5745 |
| DOUGLAS KELLY, | ) ) ) | Honorable Kenneth Wadas |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's appeal is dismissed where he failed to comply with the pleading requirements of Supreme Court Rule 604(h)(2).

¶ 2    Defendant Douglas Kelly appeals the trial court's grant of the State's motion for pretrial detention filed under section 110-6.1 of the Code of Criminal Procedure, commonly referred to as the Pretrial Fairness Act ("Act") (725 ILCS 5/110-6.1 (West 2024)). As defendant failed to comply

with the requirements set forth in Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), we dismiss his appeal.

¶ 3                                     I. BACKGROUND

¶ 4     On May 20, 2024, defendant was arrested and charged with predatory criminal sexual assault of a child, a detainable offense. 725 ILCS 5/110-6.1(a)1.5 (West 2024). On May 22, 2024, the State filed a petition for pretrial detention, and a hearing was held that same day before Judge Mary C. Marubio. At the hearing, the State proffered that defendant committed several acts of sexual assault against a seven-year-old male foster child living at One Family Illinois where defendant served as a babysitter for the victim and his siblings. The State alleged that the abuse was first discovered when the victim's four-year-old sister made an outcry statement to her foster mother while showering and discussing "body safety." The sister disclosed observing defendant touch the victim. When the foster mother subsequently asked the victim if defendant had touched him, the victim began to cry and stated, "It wasn't his fault."

¶ 5     The State further proffered details from forensic interviews conducted at the Chicago Children's Advocacy Center. In an interview on March 7, 2024, the sister described witnessing four separate incidents of abuse, including seeing defendant touch the victim's penis in the living room and kitchen, seeing the victim naked on a bed with defendant on top of him, and seeing defendant touch the victim's buttocks in the bathroom.

¶ 6     The victim participated in two interviews. In the first, conducted on March 26, 2024, he made no disclosures. However, during the second interview on April 30, 2024, he disclosed that on one occasion, while home alone with the children, defendant directed the victim's four sisters to go upstairs, isolating himself with the victim on the second floor. As they sat on the couch watching television, defendant sat next to the victim, lifted the boy's shirt, and rubbed his stomach.

Defendant then lowered the victim's pants and underwear to rub his penis, making skin-to-skin contact. Defendant ignored the victim's pleas to stop and only desisted when the victim's mother returned home. On a separate occasion, the victim was cleaning his room with the door open when defendant entered and ordered him onto the bed. Defendant lifted the victim's shirt and rubbed his stomach, warning the victim that he "would be in danger" if he told anyone.

¶ 7    Following the hearing, the court granted the State's petition. The judge found that the State met its burden of proof that defendant committed a predatory offense and posed a real and present threat to the community and emphasized his abuse of a position of trust with vulnerable children. The court raised specific concern regarding defendant's potential employment at a hotel front desk, noting that "families stay" there with "children running around the lobby," which would provide him with further access to children. The judge ruled that no less restrictive conditions could mitigate this threat, specifically rejecting electronic monitoring because it tracks only a defendant's location, not their conduct, and therefore cannot prevent crimes of stealth committed within the privacy of a residence. Finally, the court admonished defendant that he had the right to file "something called a motion for relief" and explained that he could allege any errors that he believed the court had committed. Further, the court noted that even if defendant did not file a motion for relief, every judge thereafter would be revisiting the court's order of detention.

¶ 8    On July 8, 2024, defendant filed a "Petition to Grant Pretrial Release," wherein he argued that, if released, he would no longer pursue the hotel employment that had concerned the court and that he was no longer pursuing the role of a live-in relief foster parent. Defendant also asserted that he was not a danger to the community based on his conduct during the investigation, his employment history, and his educational accomplishments. Attached as an exhibit to the petition were several character reference letters from members of the community, family, and peers.

¶ 9    At the hearing on the pretrial release petition, defense counsel primarily relied on defendant's claim that he would not be around children at work because he was no longer pursuing employment at the hotel. Counsel further presented evidence in mitigation as to why defendant is not a danger to the witnesses or community. The court acknowledged the mitigating evidence but nevertheless found that defendant posed a real and present threat to the community and that no conditions could mitigate the danger he poses. The court reasoned that defendant exploited a position of trust to abuse a particularly vulnerable victim through a crime involving stealth and privacy making him a danger to the community. The court denied defendant's petition and ordered detention to continue.

¶ 10    On August 8, 2025, defendant filed a pleading captioned "Petition for Relief." In the petition, defendant noted that he had been in custody from the time of his May 2024 arrest, recited the scores from his Public Safety Assessment, and the statutory factors required for pretrial detention. He argued that he posed no danger, emphasizing that he had no criminal history and had been a "model inmate" with zero disciplinary infractions during his time in custody, and referenced several character references from his family, friends, coworkers, and the community. He additionally noted that One Family Illinois had "refused to produce or explain the lack of production of critical discovery" and that there was documentation of his conduct between June 2023 and up to his final days as a foster relief parent. Finally, he argued that there had been no corroborating evidence regarding the allegations and that the foster parent who made the allegations of abuse against him was herself the subject of an investigation instigated by defendant. In his prayer, defendant asked that the court hold a detention hearing and grant him release with any "combination of conditions" the court deemed appropriate.

¶ 11    On August 28, 2025, immediately following a status hearing on discovery, the court heard argument on defendant's petition for relief. Expounding on the arguments raised in the petition, counsel contended that the foster mother may have manipulated the victim. Counsel argued that defendant had previously reported this foster mother to the agency for neglecting children in her care, leading to an investigation against her, and argued this provided a motive for her to fabricate allegations against him. Counsel also noted that the victim did not allege any wrongdoing during his initial forensic interview.

¶ 12    The State responded that this was not merely a "he-said-she-said" case because the sister provided independent corroboration as an eyewitness to the abuse. The State rebutted the defense's theory that a "vindictive" foster mother had manipulated the children, pointing out that the four-year-old sister had made the positive disclosures to forensic interviewers on March 7, 2024, before the victim's initial negative interview on March 29, 2024.

¶ 13    The circuit court denied defendant's petition. In so doing, the court noted that "secrecy is the essence of the case," and distinguished the offense from public crimes such as armed robbery. The court found that defendant posed a real and present threat to the safety of the victims and potential witnesses. Regarding the victim's initial silence and potential "coaching," the court commented that determinations regarding the credibility of the witnesses' statements were "trial issues" that could not be resolved during a detention hearing. Finally, the court weighed the threat to the community against the proposed conditions, finding that the safety risk outweighed defendant's request for release, specifically noting that electronic monitoring has "no enforcement provision" for violations. Defendant subsequently filed a notice of appeal on September 24, 2025.

¶ 14                                    II. ANALYSIS

¶ 15 On December 12, 2025, defendant filed a memorandum in "Support Of Rule 604(h) Appeal." In the memorandum, defendant presents two arguments. He first contends that the State failed to prove by clear and convincing evidence that he poses a real and present threat to the safety of any person or the community that cannot be mitigated by conditions of release. He argues that the State's reliance on the nature of the offense was insufficient to justify detention and there was no evidence offered to support the court's belief that he would not comply with any conditions of release. Further, because he no longer had access to the complainant and there were no other allegations of misconduct involving other children, the State's position that he posed a threat was improperly based on a generalized danger as opposed to the specific, articulable facts of this case. As his second contention, defendant argues that even if detention was appropriate after his initial hearing, new evidence in the form of letters of support and impeccable conduct in jail demonstrates that detention is no longer necessary. Further, he argues that the trial court's language at the hearing "shows a reversal of the burden of proof." In that regard, he argues that the court opined that the victims in these types of cases are "not normal victims in the system" and that the "nature of this type of offense is one of stealth and privacy." Citing *People v. Atterberry*, 2023 Ill App (4th) 231028, he argues that because the trial judge failed to make the required individualized assessment but instead relied upon her general perception that conditions of release are loosely monitored, a new hearing on conditions of release is required.

¶ 16 Not surprisingly, the State disputes defendants' arguments regarding sufficiency of the evidence as well as the need for continued detention. Preliminarily, however, the State argues that this appeal must be dismissed because the petition fails to comply with Rule 604(h)(2)'s "motion for relief requirement." Thus, prior to proceeding, we must address the State's argument in support of dismissal.

¶ 17    Once a defendant has been detained pending trial, the court must reevaluate the appropriateness of that detention decision at every subsequent court appearance. *People v. Patterson*, 2025 IL App (1st) 250510, ¶ 11. Supreme Court Rule 604(h) allows appeal of pretrial detention and release orders at any time prior to conviction. Ill. S. Ct. R. 604(h)(3) (eff. Apr. 15, 2024). However, under the rule, the appellant must first file a motion for relief in the trial court. Ill S. Ct. R. 604(h)(2), (3) (eff Apr. 15, 2024). Rule 604(h)(2) (eff. Apr. 15, 2024) expressly provides that:

>  "[a]s a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived."

¶ 18    A motion for relief fulfills a distinct procedural purpose. It allows the defendant to "identify errors in the circuit court's detention decision," "give[s] the court the chance to correct any errors and potentially change its ruling in the movant's favor," and "crystallizes and frames the issues for appeal." *Patterson*, 2025 IL App (1st) 250510*, ¶¶ 18-19. Significantly, the motion for relief stands as the appellant's argument for appellate review. *Id*. ¶ 19.

¶ 19    Rule 604(h)(7) (eff. Apr. 15, 2024) permits, but does not require, the appellant to file a memorandum, which if filed, must identify which issues from the motion for relief are being advanced on appeal. "Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable

meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities." *Id.*

¶ 20    In support of its argument for dismissal, the State cites to *People v. Patterson*, 2025 IL App (1st) 250510, *People v. Burries*, 2025 IL App (5th) 241033, *People v. Nettles*, 2024 IL App (4th) 240962, and *People v. Cooksey*, 2024 IL App (1st) 240932. In each case, this court found dismissal of the appeal to be appropriate for the defendant's failure to comply, in some form or another, with the requirements of Rule 604(h)(2).

¶ 21    In *Patterson*, the defendant was placed in pretrial custody after the circuit court granted the State's detention petition. *Patterson*, 2025 IL App (1st) 250510, ¶ 5. Approximately a year and a half later, the defendant filed a "Petition for Pretrial Detention Relief," arguing that he posed no threat, continued detention was excessive and unreasonable, and other conditions could mitigate any risk he posed to the interested parties and the community outside of detention. *Id.* ¶ 6. Importantly, however, the petition asserted no legal errors in the court's initial detention ruling. *Id.* Prior to the hearing on the petition, the court inquired as to whether the pleading was "a motion for appellate purposes" and whether the defendant was asking the court "to review his detention and reconsider; is that correct?" *Id.* ¶ 7. Defense counsel agreed, stating, "Right, to see whether or not detention's still necessary." *Id.* Following argument, the trial court ruled that continued detention was necessary and advised the defendant that he was required to file a separate motion for relief if he wished to appeal. *Id.* ¶ 17. However, the defendant filed a notice of appeal before filing any other motion in the circuit court. *Id.* ¶ 8.

¶ 22    This court dismissed the appeal, holding that the filing was not a valid motion for relief under Rule 604(h)(2) in part because it did not attack the original judgement, but instead "read just like an argument at a subsequent-review hearing" and "did not identify any errors in previous

detention rulings or cite Rule 604." *Id.* ¶ 15. Instead, the motion merely advanced arguments regarding why continued detention was inappropriate, which was insufficient to satisfy Rule 604(h)(2). *Id.* In *Cooksey*, the trial court granted the State's petition for pretrial detention. *Cooksey*, 2024 IL App (1st) 240932, ¶ 1. Subsequently, the defendant requested a hearing to review his detention, which the trial court treated as a routine motion on continued detention. *Id.* ¶ 4. The court held that continued detention was necessary, and the defendant appealed. *Id.* ¶ 11. However, the defendant's appeal was dismissed for his failure to file the required Rule 604(h)(2) motion. *Id.* ¶ 19. Similarly, in *Nettles,* the defendant filed a "Motion to Reconsider Pretrial Release." *Nettles*, 2024 IL App (4th) 240962, ¶ 18. Not only was the pleading not styled as a petition for relief, but if there was any doubt concerning the nature of the pleading, neither did it include any citation to Rule 604(h)(2). *Id.*

¶ 23      Among the cases cited by the State, we find *Burries,* even though contrasting, most similar to the case at bar. There, the defendant filed a pleading captioned "Motion to Reconsider Order Detaining Defendant Pretrial," as opposed to a motion for relief. *Burries*, 2025 IL App (5th) 241033, ¶ 22. The motion made no reference to Rule 604(h)(2), or for that matter, any other statute or court rule. *Id.* The body of the motion included, *inter alia*, facts such as where the defendant would live if released, summarized his health condition, and offered that he had family in the area. *Id.* The motion made no reference to the legal standards for continued or initial detention such as dangerousness or conditions of relief. *Id.* The prayer for relief requested that the court " 'reconsider' " its pretrial detention order, but cited no error from any hearing, no new evidence, and information relating to pretrial release. *Id.*

¶ 24      At the hearing on the motion, the trial court in *Burries* did not clarify the precise nature of the issue before it but instead construed the motion to reconsider a motion for relief. *Id.* ¶ 23. The

reviewing court in *Burries* held that the trial court proceeding with the hearing, without clarifying specifically which order the defendant was seeking relief from and on what basis, resulted in an inadequate record on appeal "with no clear issues for [the] court to address." *Id.* The court noted that even if properly captioned, defendant's pleading was nonetheless not a proper motion for relief given that its contents were insufficient to comply with Rule 604(h)(2). *Id.*

¶ 25 In the case at bar, defendant characterized the pleading which is the subject of this appeal as "Defendant's Petition for Relief," and in fact, following the status hearing on discovery, noted to the trial judge that such a petition was pending for hearing. Although not fatal, the petition makes no reference to Rule 604(h)(2), but instead requests, generally, that the court "review the Petitioner's detention status and grant relief of the Petition in accordance with the Pretrial Fairness Act (PFA)." As we detailed previously, the petition begins with the procedural history of the case, notes defendant's good behavior, states the burden of proof for detention proceedings, and assures the court of defendant's compliance with any conditions imposed upon release. The petition additionally references One Family Illinois' failure to comply with discovery requests, asserts that there is "no corroborating evidence" regarding the allegations, and asks the court to "reexamine his detention status and [*sic*] in light of the arguments and exhibits presented with this petition."

¶ 26 Other than a challenge to the sufficiency of the evidence, defendant's petition for relief points to no particular error in the initial detention proceeding. In the petition for relief, just as in the earlier-filed petition for pretrial release, defendant requests that the trial court "hold a detention hearing and grant [him] pretrial release with any combination of conditions the Court deems appropriate for the foregoing reasons." The trial judge here made no mention of the requirements under the rule for consideration of a petition for relief. Clearly, the court viewed defendant's petition and argument regarding undisclosed and potentially exculpatory evidence as a motion for

reconsideration of detention as opposed to a petition to address any previously-committed trial court error.

¶ 27    On a final note, the trial court's "reversal of the burden of proof" as alleged in defendant's memorandum was neither included in the petition for relief nor was it raised before the court at the hearing. We therefore deem the issue, presented for the first time in defendant's memorandum, waived. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024); see also *Burries*, 2025 IL App (5th) 241033, ¶ 27 (where OSAD filed a memorandum that argued grounds for relief not contained in defendant's motion for relief, the issue was deemed waived); *Nettles*, 2024 IL App (4th) 240962, ¶ 17 (issues included in the memorandum on appeal but were not advanced in the motion for relief were deemed waived).

¶ 28    We are mindful that the character of a pleading should be determined from its content, as opposed to from its caption. *In re Haley D.*, 2011 IL 110886, ¶ 67. Notwithstanding the caption of the pleading as "Defendant's Petition for Relief," like the motion in *Burries,* defendant's petition points to no errors made in the trial court at either the initial or later detention proceeding as contemplated by Rule 604(h)(2), rendering an inadequate record for this court's review. Accordingly, like the court in *Patterson*, *Cooksey*, *Nettles,* and *Burries*, we dismiss the appeal.

¶ 29    Appeal dismissed.