2026 IL App (1st) 260156-U

SECOND DIVISION
May 1, 2026

Nos. 1-26-0156B, 1-26-0157B (cons.)

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINIOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | 25 CR 0926301 |
| | ) | 25 CR 0926801 |
| DEANDRE WILLIAMS, | ) | |
| | ) | Hon. James M. Obbish, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Rochford concurred in the judgment.

**ORDER**

¶ 1     *Held*: Appeal dismissed. Defendant did not file motion for relief as precondition to
        appellate review of detention order.

¶ 2     Defendant Deandre Washington appeals an order revoking his pretrial release. See 725

ILCS 5/110-6(a) (West 2024). Appeals of all detention orders are governed by Illinois Supreme

Court Rule 604(h) (eff. April 15, 2024). As we explain below, we dismiss this appeal because

defendant did not file a motion for relief to challenge the revocation order, a prerequisite to

appellate review. See *id.* R. 604(h)(2).

¶ 3     As we decide this matter on legal and procedural grounds, we can be brief with the facts.

¶ 4 Defendant and his friends were suspects in an altercation with security officers of the Chicago Transit Authority ("CTA") on July 7, 2025. Defendant is accused of punching two different CTA officers. A warrant was issued for his arrest. When he was arrested two days later, a search incident to arrest revealed that he was in possession of 28 grams of illegal psychedelic mushrooms. So his charges included that offense, too. All in, defendant was initially charged with possession of a controlled substance, carrying a weapon on the CTA, and three counts of aggravated battery causing great bodily harm.

¶ 5 At his initial detention hearing, the State proffered the facts and informed the court that defendant had two felony convictions in his background, the most recent a 2018 robbery for which he was sentenced to nine years in the Illinois Department of Corrections.

¶ 6 Defendant was released with conditions, including a curfew, a no-contact order with the victims and witnesses, and a prohibition on unlawful contact with the CTA. The conditions also included, obviously, that defendant not commit further crimes.

¶ 7 The original charges were superseded by indictment in August 2025. The State charged defendant with three counts of aggravated battery of a peace officer and three counts of mob action. By then, the matter was pending before Judge Obbish.

¶ 8 In August, the State also moved for sanctions when defendant failed to communicate with pretrial services as required. The court chastised defendant but declined to impose sanctions.

¶ 9 In January 2025, defendant was arrested again, this time for possession of approximately 165 grams of cannabis, a Class 3 felony. See 720 ILCS 550/5(d) (West 2024). The State petitioned the court to revoke defendant's pretrial release. See 725 ILCS 5/110-6(a) (West 2024) (pretrial release may be revoked if defendant is charged with felony while released).

¶ 10 On January 4, 2026, defendant appeared before Judge Doss on the new cannabis charge.

Judge Doss ordered defendant released on the cannabis charge but noted that the State was seeking revocation of his pretrial release in the case before Judge Obbish. The court ordered defendant detained overnight and referred the petition to revoke to Judge Obbish for ruling the following day, January 5.

¶ 11    At the hearing on January 5, 2026 before Judge Obbish, the parties asked to continue the petition to revoke to the following day, January 6. The State told the court that it filed "a petition to revoke his release based on the new felony that he had picked up" and "[w]e're asking to hold it until tomorrow, Judge." Defense counsel responded: "Yes, Judge. *I'll put a petition for relief in writing for tomorrow*." (Emphasis added.)

¶ 12    Defense counsel kept her promise, filing a motion styled a "petition for relief" on January 6, 2025. In that motion, counsel argued that

- Defendant had enrolled in a nonprofit organization, Safer Foundation, which helps find jobs for those with criminal records and provides mental-health support;

- Defendant "has a mental health diagnosis of ADHD and anxiety," is on medications, and sees his doctor regularly;

- Defendant has started attending church with his grandmother; and

- Defendant will attend all court hearings and abide by all pretrial conditions of release.

In the prayer for relief, counsel requested that "this Court have a hearing on this petition and release" defendant.

¶ 13    As scheduled, Judge Obbish heard the petition to revoke and the motion for relief at the same time on January 6. The specifics of the arguments are not essential; suffice it to say that the State proffered the details of defendant's new cannabis charge, and the defense's mitigation argument largely mirrored the contents of the "petition for relief."

¶ 14    The court revoked pretrial release, telling defendant it was "necessary to prevent you from committing other felonies ***. Nothing else seems to have worked. No matter how hard lawyers on your behalf and even judges have tried to prevent this, you don't take advantage of those opportunities." The court added that "[t]he petition for relief will be respectfully denied."

¶ 15    This appeal followed. Defendant has not filed a supporting memorandum, as is his right in appeals challenging pretrial detention orders. See Ill. S. Ct. R. 604(h)(7) (eff. April 15, 2024). Because of a delay in the filing of the record, briefing did not conclude until April 21, 2026, just before the original due date of this appeal. Good cause exists for this delay. See *id*. R. 604(h)(8).

¶ 16    Aside from the merits, the State argues that we should dismiss this appeal because defendant did not file a motion for relief challenging the trial court's revocation order before filing this appeal, as required by Supreme Court Rule 604(h)(2). See *id*. R. 604(h)(2).

¶ 17    The State is correct. Rule 604(h)(2) could not be clearer in requiring, as a precondition to appealing a detention order, that "the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief." *Id*. As we have explained more than once:

> "A motion for relief fulfills a distinct procedural purpose. It allows the defendant to 'identify errors in the circuit court's detention decision,' 'give[s] the court the chance to correct any errors and potentially change its ruling in the movant's favor,' and 'crystallizes and frames the issues for appeal.' " *People v. Kelly*, 2026 IL App (1st) 252046-U, ¶ 18 (quoting *People v. Patterson*, 2025 IL App (1st) 250510, ¶¶ 18-19).

¶ 18    Indeed, the motion for relief may stand as the appellate memorandum itself, unless the defendant opts to file an additional memorandum. See Ill. S. Ct. R. 604(h)(7) (eff. April 15, 2024); *Patterson*, 2025 IL App (1st) 250510, ¶ 19; *Kelly*, 2026 IL App (1st) 252046-U, ¶ 18.

Nos. 1-26-0156B, 1-26-0157B (cons.)

Defendant here, for example, did not file a supplemental memorandum. And regardless of whether a party supplements its motion for relief with a memorandum, the issues on appeal are limited to the arguments raised in the motion for relief. Ill. S. Ct. R. 604(h)(7) (eff. April 15, 2024) (issues not raised in motion for relief "are deemed waived"); *People v. Drew*, 2024 IL App (5th) 240697, ¶¶ 39-43; *People v. Garcia*, 2025 IL App (1st) 251296-U, ¶ 23.

¶ 19    It should be clear from this discussion that a motion for relief contemplated by Rule 604(h)(2) is filed *after* the detention order, in *response* to the detention order, seeking a favorable *change* in that detention order. The motion for relief identifies the trial court's errors, giving that court the chance to correct any mistakes and save everyone the time and cost of an appeal if possible. And it may double as an appellate memorandum itself.

¶ 20    The "petition for relief" filed here could not be confused in any way, shape, or form with a proper Rule 604(h)(2) motion for relief. It was, in substance, a response to the State's petition to revoke pretrial release, filed before the court ruled on the revocation petition. It obviously could not have identified any errors in the circuit court's ruling—a ruling that had not yet been issued. Defendant was attempting to persuade the trial court to deny the State's petition to revoke. The fact that defendant styled the motion a "petition for relief" is of no consequence, as we consider the document's substance, not its title. See *Kelly*, 2026 IL App (1st) 252046-U, ¶ 28 (dismissing appeal, as filing styled "petition for relief," in substance, was not a Rule 604(h)(2) motion for relief).

¶ 21    Indeed, though we have no authority to do so, even if we treated the "petition for relief" here as a proper Rule 604(h)(2) motion, we would have no basis to overturn the revocation order, because the "petition for relief" obviously cited no errors that the trial court made, and defendant's appellate argument would be limited to those made in that motion. There would be

Nos. 1-26-0156B, 1-26-0157B (cons.)

no errors for us to review.

¶ 22    Because defendant did not file a Rule 604(h)(2) motion for relief challenging the detention order, we must dismiss this appeal. *Patterson*, 2025 IL App (1st) 250510*, ¶* 15; *Kelly*, 2026 IL App (1st) 252046-U, ¶ 28.

¶ 23    But nothing stops defendant from challenging the revocation order at any time in the future via a proper Rule 604(h)(2) motion for relief in the trial court. There is no time frame on that motion. And if that motion is unsuccessful, he remains free to appeal that revocation order at any time prior to the resolution of his case. See Ill. S. Ct. R. 604(h)(3) (eff. April 15, 2024).

¶ 24    Appeal dismissed.