2025 IL App (1st) 250510

SECOND DIVISION
June 17, 2025

No. 1-25-0510B

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Cook County |
| | ) | |
| v. | ) | 23 CR 10391 |
| | ) | |
| SAMMUEL PATTERSON, | ) | Honorable |
| Defendant-Appellant. | ) | Michelle Pitman |
| | ) | Judge Presiding |

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Justices McBride and Howse concurred in the judgment and opinion.

**OPINION**

¶ 1    Sammuel Patterson appeals the court's decision to detain him before trial on charges of aggravated criminal sexual assault, home invasion, and aggravated domestic battery. As he failed to comply with Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), we dismiss this appeal.

¶ 2    Patterson remains in custody at the Cook County Jail while he awaits trial on several felony charges. We take the facts from proffered evidence at a hearing on his detention and several court filings. We can be brief, as the underlying facts do not factor into our disposition.

¶ 3    A complaining witness, T.G., alleged that Patterson sexually assaulted her on July 15, 2022, after forcibly entering her home through a window. She alleged that, during the attack, Patterson struck her in the face more than once, strangled her, bit her face, and pulled her hair.

¶ 4     The responding officers noticed bruising on T.G.'s right cheek, dried blood around her mouth, and bruises on her neck. She was treated at the hospital for her injuries and underwent a sexual assault examination. Aside from noting the bruising on her face and body, doctors diagnosed her with laryngeal (throat) inflammation indicative of asphyxiation. Lab tests of swabs taken from the sexual assault exam produced one male DNA profile, which matched Patterson.

¶ 5     Officers could not immediately locate Patterson, so they obtained a warrant for his arrest. He was taken into custody about a year later and charged with several counts of aggravated criminal sexual assault, home invasion, and aggravated domestic battery. At his first appearance in August 2023, the circuit court ordered him detained before trial. See 725 ILCS 5/110-6.1 (West 2022). He remains in jail while his case progresses through pretrial proceedings.

¶ 6     On January 14, 2025, Patterson's counsel filed a "Petition for Pretrial Detention Relief." In that motion, counsel asked the circuit court to release him from jail before trial, arguing that there was nothing that established Patterson "would present a threat to the community at large, and no basis to believe he would be a flight risk." Counsel also argued that Patterson's continued detention was excessive and unreasonable, and that there were "other measures to protect the interested parties and the community at whole" without keeping Patterson locked up. The petition did not cite any errors committed in the previous detention hearings.

¶ 7     That same day, the court held a hearing on the motion. Before hearing argument, the trial judge and Patterson's counsel had the following exchange:

> "THE COURT: I'll call it back in a few minutes, and I'll hear your motion for relief. It's not a motion for appellate purposes. You're asking me to review his detention and reconsider; is that correct?
>
> [DEFENSE COUNSEL]: Right, to see whether or not detention's still necessary."

¶ 8     After hearing arguments from both counsel and the State, the trial court concluded that Patterson's continued detention was necessary and denied the petition. The attorney who filed and argued the petition for pretrial detention relief withdrew from the case on February 28, 2025. Patterson's new attorney filed a form Rule 604(h) notice of appeal the next day, appealing the January 14 decision. This appeal follows.

¶ 9     The State says this appeal is not properly before us, as a defendant seeking an appeal of his pretrial detention order must first present a "motion for relief" to the circuit court per Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). Because Patterson did not present a motion for relief, and that motion is "a prerequisite to appeal" (*id.*), this court may not hear this appeal.

¶ 10     We agree with the State. To explain why, we should first clarify the difference between what occurs at every court appearance by a defendant, as a matter of course, versus the litigation of a motion for relief to initiate the appellate process.

¶ 11     Defendants charged with detainable offenses will either be detained pretrial or released with conditions. See 725 ILCS 5/110-6.1(e) (West 2022). Regardless, their status will be reviewed at every subsequent court appearance to determine whether a change in status is warranted. The substance of the hearing will vary depending on the status of the defendant: (1) a defendant who has been released with conditions (*id.* § 110-5(f-5)), (2) a defendant who was initially released but later detained (*id.* § 110-6(j)), or (3) a defendant who has been detained since arrest (*id.* § 110-6.1(i-5)). See *People v. Walton*, 2024 IL App (4th) 240541, ¶¶ 24-27.

¶ 12     Patterson fell into the third category, as he has been detained since his arrest. The controlling statutory provision requires that,

"[a]t each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any

person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022).

¶ 13    That is exactly what the circuit judge did. She conducted a subsequent-review hearing, heard argument from both sides, and then for the reasons she gave on the record, found that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case."

¶ 14    As mentioned above, to her credit, the judge took note of the written filing from Patterson's counsel—the "Petition for Pretrial Detention Relief"—and clarified that counsel's motion was "not a motion for appellate purposes. You're asking me to review his detention and reconsider; is that correct?" Counsel said she was correct, that the purpose of his written filing was "to see whether or not detention's still necessary."

¶ 15    And for what it's worth, the written petition read just like an argument at a subsequent-review hearing. It did not identify any errors in previous detention rulings or cite Rule 604. It succinctly laid out its reasons why "there is no evidence" that Patterson's release "would present a threat to the community at large" and "there are other measures to protect the interested parties and the community at whole without prolonged detention."

¶ 16    The only conclusion the judge could have drawn was that counsel had simply chosen to reduce to writing his argument for his client's release at a subsequent-review hearing. Subsequent-review hearings do not typically involve written filings, but nothing prevents an attorney from putting together arguments in written form.

¶ 17    And could there possibly be any lingering doubt, after her ruling, Judge Pitman admonished Patterson and his counsel that, "if you wish, certainly, to appeal the original

findings, you certainly can. Not at this point. You'd have to file a particular motion for that."

¶ 18    That motion, of course, was a motion for relief, a "prerequisite to appeal" under Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). The motion for relief serves many purposes. First and foremost, it allows the movant to identify errors in the circuit court's detention decision and give the court the chance to correct any errors and potentially change its ruling in the movant's favor. *People v. Burries*, 2025 IL App (5th) 241033, ¶ 30.

¶ 19    Beyond that, a motion for relief crystallizes and frames the issues for appeal. *Id.* Indeed, the rule itself makes clear that "[t]he motion for relief will serve as the argument of the appellant on appeal." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). And while the movant may file a supplemental appellate memorandum, "any issue not raised in the motion for relief *** shall be deemed waived" for appellate purposes. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 20    Patterson's "Petition for Pretrial Detention Relief" could not be construed in any way as a motion for relief, and counsel's representation that it was *not* such a motion only cements that conclusion. We do not exalt the title of a filing over its substance. If the motion identified errors in the circuit court's earlier detention decisions—if, in substance, it read like a motion for relief—or if it invoked Rule 604 or in any other way gave us some indication, we would liberally interpret it as a motion for relief. But there is no question here.

¶ 21    Kudos to the trial judge for immediately grasping the possibility of confusion and making counsel's intentions clear on the record. And for reminding counsel at the close of the hearing that a motion for relief would be necessary should Patterson wish to appeal.

¶ 22    We are not the first court to hold that dismissal of an appeal is appropriate if the movant fails to first present a motion for relief to the circuit court. See *Burries*, 2025 IL App (5th) 241033, ¶ 30; *People v. Nettles*, 2024 IL App (4th) 240962, ¶ 21; *People v. Cooksey*, 2024 IL

App (1st) 240932, ¶ 17. Nor are we the first, more generally, to dismiss appeals that are noncompliant with critical procedural steps or other requirements in supreme court rules. See *Burries*, 2025 IL App (5th) 241033, ¶ 28 (collecting cases).

¶ 23 We should emphasize that our ruling is not a jurisdictional one. Appeals in criminal cases are perfected by filing a timely notice of appeal with the clerk of the circuit court, the only jurisdictional step. See Ill. S. Ct. R. 606(a) (eff. Apr. 15, 2024); *People v. Walls*, 2022 IL 127965, ¶ 26. That was not a problem here. We clearly have jurisdiction over this appeal.

¶ 24 Rather, we join other decisions that analogized pretrial-detention appeals under Rule 604(h) to another appeal covered by Rule 604—appeals of guilty pleas. See *Burries*, 2025 IL App (5th) 241033, ¶ 19; *Cooksey*, 2024 IL App (1st) 240932, ¶ 19. Rule 604(d) provides that an appeal from a plea of guilty may not be taken unless a defendant first files a motion to withdraw the guilty plea and vacate the judgment. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). And like our motion for relief, any issue not raised in the motion to withdraw the guilty plea "shall be deemed waived" on appeal. *Id.* And yes, the failure to file that motion to withdraw requires dismissal of the appeal. *People v. Flowers*, 208 Ill. 2d 291, 301 (2003).

¶ 25 Yet our supreme court in *Flowers* made it clear that, while the failure to file a motion to withdraw a guilty plea requires dismissal of the appeal, it does *not* deprive the reviewing court of jurisdiction. *Id.* We cannot imagine that the supreme court, in introducing the concept of a motion for relief to Rule 604(h) in April 2024, would have intended to make *that* motion a jurisdictional requirement without saying so, without clearly distinguishing Rule 604(d) motions from Rule 604(h)(2) motions. So our issue here is not with jurisdiction but with Patterson's noncompliance with Rule 604(h)(2). We dismiss the appeal on that ground only.

¶ 26 Appeal dismissed.

*People v. Patterson*, **2025 IL App (1st) 250510**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 23-CR-10391; the Hon. Michelle Pitman, Judge, presiding. |
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Abir Ahmed, Assistant Public Defender, of counsel), for appellant. |
| **Attorneys for Appellee:** | Eileen O'Neill Burke, State's Attorney, of Chicago (Mari R. Hatzenbuehler, Special Assistant State's Attorney, of counsel), for the People. |