2025 IL App (1st) 251814-U

FOURTH DIVISION
Order filed: December 11, 2025

No. 1-25-1814B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25 CR 6885 |
| | ) | |
| KATHLEEN TOLBERT, | ) | Honorable |
| | ) | Neera Walsh, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's appeal from an order denying her motion for pretrial release is dismissed because she failed to file the requisite motion for relief in the circuit court, as required by Illinois Supreme Court Rule 604(h)(2).

¶ 2    The defendant, Kathleen Tolbert, appeals the denial of a motion for pretrial release filed under section 110-6.1 of the Code of Criminal Procedure, commonly referred to as the Pretrial Fairness Act ("Act") (725 ILCS 5/110-6.1 (West 2024)). Because she failed to file the requisite

motion for relief under Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) prior to initiating this appeal, we dismiss her appeal.

¶ 3    Our disposition of this appeal requires only a brief recitation of the facts. According to the State's proffer, on May 25, 2025, defendant was arrested and charged with one count of aggravated battery with a deadly weapon and one count of reckless discharge of a firearm. The charges stemmed from an incident in which defendant had a verbal argument with the complaining witness over a man with whom they both had a relationship. Both women lived in the same apartment complex. After a verbal altercation outside of defendant's apartment, defendant went back into her apartment and the complaining witness went outside into the courtyard. Defendant retrieved a firearm from her apartment and came downstairs into the vestibule. A physical altercation then ensued between the complaining witness and defendant, and defendant hit her multiple times with her firearm. The complaining witness did not have a weapon. One of those blows caused defendant's firearm to discharge and strike the complaining witness in the neck, causing injuries. Defendant claims she was acting in self-defense.

¶ 4    On May 27, 2025, the State filed a petition for pretrial detention seeking to have defendant detained on the grounds that she posed a threat to the safety of a person or the community. Following a detention hearing, the court found that the State had shown by clear and convincing evidence that the proof was evident or the presumption great that defendant committed the charged offenses, she posed a real and present threat to the safety of a specific person or persons or the community, and no condition or combination of conditions could mitigate the threat posed by defendant. The court detained defendant pending trial.

¶ 5     Three months later, on August 27, 2025, defendant filed a "Motion for Pretrial Release" in which she recounted her personal history and her version of the facts of the incident. She asserted, as the entirety of her argument, that, if released, she would no longer live near the complaining witness and that "[t]he facts of this case as well as [defendant's] social history including her lack of prior criminal background as well as her impressive employment history and academic accomplishments all show that she is not a threat to any person or the community, and that continued detention is not necessary." The motion did not cite any rule or statute or refer to or challenge the circuit court's prior decision granting the State's petition for pretrial detention.

¶ 6     That same day, the court held a hearing on defendant's motion. Defendant then presented her case for pretrial release, reciting her personal history and arguing that the facts of the case demonstrated mitigating circumstances. She noted that this was a reconsideration motion and alleged that she no longer had her apartment and had no plans to return to that apartment complex. She asked the court to release her with any conditions the court deemed appropriate. As in her written motion, defendant did not allege any errors in the court's prior detention ruling.

¶ 7     The court denied defendant's motion, finding that continued detention was necessary to protect the complaining witness or the community. The court then informed defendant that, "[b]efore an appeal, you must file a motion for relief that sets out the grounds for relief" and that "[a]fter disposition of the motion for relief, you have a right to appeal this court's order at any time before a conviction." Defendant indicated that she understood her appeal rights. Defendant then filed a notice of appeal without filing another motion in the circuit court.

¶ 8     On appeal, defendant argues that the State failed to meet its burden to show that no conditions could mitigate the threat that she allegedly posed to the complaining witness or the

community. The State responds that this appeal must be dismissed because defendant never filed a motion for relief as required by Rule 604(h)(2). As explained below, we agree with the State that defendant did not satisfy the procedural requirements for appealing the denial of pretrial release and, thus, we must dismiss this appeal.

¶ 9    Rule 604(h)(2) provides that, "[a]s a prerequisite to appeal," the party appealing an order denying pretrial release must file a motion for relief setting forth the relief sought on appeal and the grounds for such relief. See *People v. Cooksey*, 2024 IL App (1st) 240932, ¶ 17. At different points in her appellate memorandum, defendant refers to her August 27, 2025, motion as either a "motion for pretrial release" or a "motion for relief." However, based on the specific facts of this case, we find that defendant's "Motion for Pretrial Release" cannot be construed as a motion for relief under Rule 604(h)(2).

¶ 10    When a defendant has been detained pending trial, the court is obligated to reconsider that detention decision at every subsequent court appearance. *People v. Patterson*, 2025 IL App (1st) 250510, ¶¶ 11-13; see also 725 ILCS 5/110-6.1(i-5) (West 2024). Prior to such a hearing, a defendant may, but is not obligated to, file a written motion for pretrial release articulating why continued detention is not necessary or appropriate. *Patterson*, 2025 IL App (1st) 250510, ¶ 16. A motion for relief, on the other hand, serves a different function. It allows the defendant to "identify errors in the circuit court's detention decision," "give[s] the court the chance to correct any errors and potentially change its ruling in the movant's favor," and "crystallizes and frames the issues for appeal." *Id.* ¶¶ 18-19. Indeed, the motion for relief serves as the argument for the appellant on appeal. *Id.* ¶ 19 (citing Ill. S. Ct. R. 604(h)(7)).

¶ 11    This case is similar to *Patterson*. In *Patterson*, the court ordered the defendant detained at his first appearance. *Id.* ¶ 5. Nearly a year and a half later, the defendant filed a "Petition for Pretrial Detention Relief" in which he asked to be released from jail pending trial, arguing that there was no reason to believe that he was a threat to the community or a flight risk, continued detention was excessive and unreasonable, and there were other measures to protect the interested parties and the community short of detention. *Id.* ¶ 6. Notably, the motion did not allege any errors in the court's previous detention rulings. *Id.* At a hearing on the motion, the court stated the motion was "not a motion for appellate purposes" and clarified that the defendant was asking the court "to review his detention and reconsider; is that correct?" *Id.* ¶ 7. Defense counsel agreed, stating, "[r]ight, to see whether or not detention's still necessary." *Id.* The circuit court denied the motion and advised the defendant that he could appeal the court's ruling, but only after filing a motion for relief. *Id.* ¶ 17. This court dismissed the defendant's appeal, concluding that the motion was not the type of motion for relief contemplated by Rule 604(h)(2) because the motion "read just like an argument at a subsequent-review hearing" and "did not identify any errors in previous detention rulings or cite Rule 604." *Id.* ¶ 15. Rather, the motion simply presented arguments as to why continued detention was inappropriate, which was insufficient under Rule 604. *Id.*

¶ 12    Similarly here, defendant's "Motion for Pretrial Release" was filed several months after the court's previous detention decision, did not cite Rule 604(h)(2) as the basis for the motion, and did not allege any errors in the court's previous detention decision. Instead, the motion simply argued against defendant's continued detention based on recent mitigating circumstances. Defendant's attorney specifically told the court that he understood "this is a reconsideration motion." As in *Patterson*, the circuit court denied the motion, finding "[c]ontinued detention a

necessity to avoid a real and present threat to the community or to the complaining witness" and held that defendant would "remain detained for right now." Also as in *Patterson*, the court specifically informed defendant that before she could appeal, she must file a motion for relief setting forth the grounds for relief, any issue not raised in that motion other than errors occurring for the first time at the hearing on the motion would be deemed waived, and only "[a]fter disposition of the motion for relief" did defendant have the right to appeal the court's order. The court asked if defendant understood her appeal rights and defendant answered, "[y]es." Based on all of these facts, neither the court nor defense counsel viewed the "Motion for Pretrial Release" as a Rule 604(h)(2) motion challenging a previous detention ruling. Accordingly, as in *Patterson*, the motion at issue was not a motion for relief under Rule 604 and counsel's representation that it was a motion to reconsider confirms that conclusion. See *Patterson*, 2025 IL App (1st) 250510, ¶ 20.

¶ 13    Because defendant has not satisfied the requirements of Rule 604(h)(2), this appeal must be dismissed. See *id.* ¶¶ 22-26; *People v. Nettles*, 2024 IL App (4th) 240962, ¶ 21; *Cooksey*, 2024 IL App (1st) 240932, ¶ 19.  "Given that the version of Rule 604(h) now in effect permits an appeal at any time before conviction and imposes no time frame for the filing of a Rule 604(h)(2) motion, defendant remains free to appeal the disposition of any Rule 604(h)(2) motion regarding the trial court's order in this case, should he choose to file such a motion." *Cooksey*, 2024 IL App (1st) 240932, ¶ 19.

¶ 14    Appeal dismissed.