2026 IL App (1st) 252181-U

Fourth Division
Filed January 26, 2026

No. 1-25-2181B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) | |
| | ) ) | No. 25 CR 0204001 |
| v. | ) | |
| | ) | The Honorable |
| CORTEZ DUFFY, | ) | Antara Rivera and Tyria Walton, |
| Defendant-Appellant. | ) ) | Judges, presiding. |
| | ) | |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Navarro and Justice Quish concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appeal is dismissed because defendant took it without filing a motion for relief under Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024).

¶ 2     Defendant Cortez Duffy appeals from the circuit court's orders denying him pretrial release. We do not reach the merits because we find that his failure to file a motion for relief before taking this appeal is dispositive.

¶ 3     Duffy has been charged with six counts of first degree murder and two counts of unlawful possession of a firearm by a felon. The details of the charged incident are not relevant. At his first appearance, on January 19, 2025, the State filed a detention petition, which the court granted after a hearing.

¶ 4        In June 2025, Duffy filed a "Petition to Grant Pretrial Release Under New Law." The petition noted that the court was required by statute to determine whether his continued detention was necessary, and it proffered new facts about Duffy's family and home life that had not been put before the court at the January hearing. It did not argue that the court had erred at the January 2025 detention hearing. At the June 30, 2025 hearing on the petition, Duffy also proffered new facts that, he argued, undermined the strength of the State's case against him. The court nonetheless found that his continued detention was necessary, and it denied the petition.

¶ 5        In September 2025, Duffy filed another "Petition to Grant Pretrial Release Under New Law." This petition repeated the factual proffer from the June petition, and it also asserted that the primary eyewitness to the charged offense had recanted her identification of Duffy as the culprit. The petition was supported by a written statement signed by the witness. Again, the petition did not argue that the court had erred at any previous detention hearing. After a hearing, on September 16, 2025, the court found that continued detention remained necessary, and it denied the petition.

¶ 6        Exactly 30 days later, on October 16, 2025, Duffy filed a notice of appeal from the January 19 denial of pretrial release and the June 30 and September 16 orders for continued detention. The notice of appeal stated that the court had denied a Rule 604(h)(2) motion for relief on October 16. The record does not include a distinct motion for relief. It also does not include any orders entered on October 16, but the clerk's online docketing system indicates that, on that date, the court entered a routine order continuing the case by agreement for discovery status.

¶ 7        Appeals from orders denying pretrial release are governed by Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). Rule 604(h)(2) provides, in relevant part: "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Issues not raised in a motion for relief are "deemed waived" on appeal. *Id.* Failing to file a motion for relief does not divest the reviewing court of jurisdiction, but it does preclude review on the merits, requiring the appeal to be dismissed. *People v. Patterson*, 2025 IL App (1st) 250510, ¶¶ 22-26; *People v. Cooksey*, 2024 IL App (1st) 240932, ¶¶ 16-19.

¶ 8  Duffy has chosen not to file a written memorandum on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). In his notice in lieu of a memorandum, he asserts that "[t]rial counsel included a Motion for Relief to [*sic*] notice of appeal, which raised arguments and contentions of error and contained supporting citations to the record and to the law and relevant documents." But the documents he cites to and characterizes as motions for relief are the two petitions for release he filed in June and September 2025—and those petitions are not motions for relief in either form or in substance. Formally, neither petition was styled as a motion for relief, and neither petition cited Rule 604(h)(2). Instead, they both relied on the provision of the pretrial-release statutes that requires the court to evaluate whether continued detention is necessary each time the defendant appears in court. See 725 ILCS 5/110-6.1(i-5) (West 2024). Nor were they motions for relief in substance. Regardless of the form it takes, a motion for relief must "identify errors in the circuit court's detention decision and give the court the chance to correct any errors and potentially change its ruling in the movant's favor." *Patterson*, 2025 IL App (1st) 250510, ¶ 18. Duffy's release petitions did not challenge any prior rulings of the court; instead, they proffered new information relevant to whether his continued detention remained necessary.

¶ 9  Because Duffy did not file a motion for relief, we are precluded from reaching the merits. We therefore dismiss this appeal without prejudice. *Cooksey*, 2024 IL App (1st) 240932, ¶ 19; see also Ill. S. Ct. R. 604(h)(3) (eff. Apr. 15, 2025) ("After disposition of its motion for relief in the trial court, a party may initiate an appeal by filing a notice of appeal in the circuit court at any time prior to conviction.").

¶ 10  Appeal dismissed.