2026 IL App (1st) 260117-U

Fourth Division
Filed April 27, 2026

No. 1-26-0117B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of Cook County |
| v. | ) ) | No. 25 CR 0929001 |
| | ) | |
| AUSTIN HOOD, | ) ) | The Honorable John W. Wilson, |
| Defendant-Appellant. | ) ) | Judge, presiding. |
| | ) | |

JUSTICE OCASIO delivered the judgment of the court.
Justices Lyle and Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The denial of pretrial release was affirmed where defendant's motion for relief was inadequate to present any issues for review and where the record disclosed no obvious errors.

¶ 2    The defendant, Austin Hood, is in detention pending trial for aggravated domestic battery and aggravated battery. He is appealing the denial of pretrial release. We affirm.

¶ 3    According to proffers made by the State at both an initial detention hearing and a hearing on Hood's motion for relief, the alleged victim and Hood have a child together. On November 26, 2024, Hood went to the alleged victim's apartment uninvited, where he argued with her before engaging in physical violence, including pinning her to the wall with both hands against her throat and by striking her while she was holding their young child. The incident was witnessed—and

ultimately broken up by—the alleged victim's adult son. As he left the apartment, the alleged victim noticed that Hood, whose criminal background includes a felony conviction for aggravated battery of a police officer, had a gun in his hoodie pocket, although he did not threaten her with it during the incident. She reported the attack to the police the next morning, but Hood was not located and arrested until several months later.

¶ 4 The State filed a detention petition at Hood's initial appearance in July 2025, which the court initially granted solely on the basis that five prior bond forfeitures meant he was a flight risk. But after Hood interrupted the court with a lengthy interjection that included material from a sovereign citizen script, the court found that Hood's courtroom behavior was concerning enough to also justify detention based on his release posing a risk to the safety of the alleged victim and the community at large.

¶ 5 Through counsel, Hood filed a motion to review his pretrial detention, which was heard and denied on August 1, 2025. The transcript is not in the record. The record indicates that, at some point in the fall of 2025, Hood, at that time *pro se*, orally moved for relief from detention. Again, there is no transcript of the oral motion or any hearing thereon in the record.

¶ 6 In December 2025, through counsel, Hood filed a written "petition for release from detention under 725 ILCS 5/110-1 *et seq.*" The petition cited various provisions of section 110-5 of the Code of Criminal Procedure (725 ILCS 5/110-5 (West 2024)), which governs conditions of release for defendants who are not held in pretrial detention. It then laid out various facts about Hood's current life circumstances: his family, his employment, and his education, and it asserted that he was at low risk of flight, that he was not a threat to anybody's safety, and that there were less restrictive means than detention that could be used to mitigate any danger.

¶ 7 At the hearing on the motion, the court clarified with defense counsel that Hood was "exercising his right to have filed a motion for relief for the Court to re-examine Mr. Hood's detention." The State objected, arguing that Hood's earlier *pro se* oral motion for relief had been heard and denied and he was not entitled to another one: "It is our position that the defendant has already had his opportunity at the Motion for Relief and that now had he must proceed by way of

appeal." The court noted the objection and the earlier proceedings, but it allowed defense counsel to proceed despite the State's objection.

¶ 8       After hearing the parties' proffers and arguments, the court denied the motion for relief. It found that the State had shown by clear and convincing evidence all three elements required for detention based on dangerousness. It found that Hood posed a threat to the alleged victim and their child based on strangling and punching her multiple times in front of the child. Its finding that no conditions of release could mitigate that threat was based on both the proffer and based on what had transpired at the initial appearance, explaining that it was "concerned with the defendant's impulsiveness and when things don't go his way and what it rises to in his actions."

¶ 9       Through counsel, Hood filed a notice of appeal. He did not file an optional memorandum under Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024). The State filed a responding memorandum.

¶ 10      Initially, the State asks us to dismiss the appeal, arguing that Hood failed to file a proper Rule 604(h)(2) motion for relief in the trial court, which is "a prerequisite to [an] appeal" from an order related to pretrial release. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Failing to file a motion for relief does not divest the reviewing court of jurisdiction, but it does preclude review on the merits, requiring the appeal to be dismissed. *People v. Patterson*, 2025 IL App (1st) 250510, ¶¶ 22-26; *People v. Cooksey*, 2024 IL App (1st) 240932, ¶¶ 16-19. We decline the invitation. Every party at the hearing on the petition—including the State—proceeded on the understanding that it was a motion for relief, and it would not be fair to upset that settled understanding for the first time on appeal.

¶ 11      We agree with the State, though, that the motion for relief was deficient. A motion for relief serves more than one purpose. *People v. Patterson*, 2025 IL App (1st) 250510, ¶ 18. Its initial purpose is to give the aggrieved party an opportunity to draw the circuit court's attention to any errors it may have made in the initial release determination and give the court an opportunity to correct them. *Id.* But it also "crystalizes and frames the issues for appeal." See *id.* ¶ 19. Under the rule, errors not raised in a motion for relief are waived on appeal. Ill. S. Ct. R. 604(h)(2) (eff. Apr.

15, 2024). Furthermore, when the appellant elects not to file a memorandum—which is the case here—the motion for relief serves as the appellant's argument on appeal. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). When that happens, the motion for relief "must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities." *Id.*

¶ 12    Hood's motion for relief lacks the necessary detail. The majority of the motion recites various legal principles associated with section 110-5 of the Code of Criminal Procedure—not section 110-6, which is the statute governing denial of pretrial release—and sets out some basic facts about Hood's life and circumstances. Its arguments are then presented as three short assertions:

> "Mr. Hood has substantial contacts with the community which demonstrates a low likelihood of flight should he be admitted to bond or placed on electronic monitoring.
>
> Mr. Hood is not a threat to the safety of the community or any individual.
>
> In the alternative, the Court has less restrictive means available to mitigate any danger to society, such as electronic home monitoring and pretrial monitoring." (Paragraph numbers removed.)

These arguments are left entirely undeveloped. The motion for relief does not explain why Hood's community contacts outweigh his history of bond forfeitures, why he is not a threat to anybody (such as the woman he allegedly strangled), or why the alternatives proposed would satisfactorily mitigate any threat.

¶ 13    These "[b]are contentions in the absence of argument or citation of authority do not merit consideration on appeal." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). Reviewing courts are entitled to have the issues clearly defined, pertinent authority cited, and cohesive arguments presented. *Id.* The purpose of requiring the appellant's memorandum (when one is filed) or motion for relief (when a memorandum is not filed) to contain detailed arguments is, as explained by the

task force that recommended its adoption, to prohibit just such conclusory argument in pretrial-release appeals:

> "We believe that this rule is essential to discourage the boilerplate 'arguments' we have seen in the existing check-the-box notice of appeal. We remain ever mindful that, as appellate judges, we may not serve as advocates for a party. Presentation of the appellant's argument in a cursory manner pressures the court to abandon the role it is ethically obligated to play: that of a neutral arbiter." Ill. S. Ct. Pretrial Release Appeals Task Force, Report and Recommendations 8 (2024), https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/628434e3-d07f-4ead-b1f6-4470d7e83bf3/Pretrial%20Release%20Appeals%20Task%20Force%20Report_March%202024.pdf [https://perma.cc/LL5Y-R4FN].

We will not adopt the role of advocate for Hood and "formulate an argument for [him] out of whole cloth." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13. Instead, we deem his undeveloped arguments forfeited. See *People v. Post*, 2025 IL App (4th) 250598, ¶ 22.

¶ 14    This places us in a rather unusual position. We have jurisdiction. See *Patterson*, 2025 IL App (1st) 250510, ¶ 23. We also have a motion for relief, so we are not required to dismiss the appeal for noncompliance with Rule 604(h)(2). See *id.* ¶ 24. But the motion for relief does not properly raise any arguments.

¶ 15    In these circumstances, we find *People v. Palomar*, 2024 IL App (2d) 230476, instructive. At the time *Palomar* was decided, the 2024 amendments to Rule 604(h) had not yet come into effect. Rather than first filing a motion for relief, a party could appeal from a pretrial release determination via a notice of appeal, but the rules required that notice of appeal to "describe the relief requested and the grounds for the relief requested." See Ill. S. Ct. R. 614(h)(2) (eff. Dec. 7, 2023). In *Palomar*, the defendant's form notice of appeal bore three checked boxes that disclosed the general grounds for his appeal but contained no further explanation about what his claims were. *Palomar*,

2024 IL App (2d) 230476, ¶ 8. The court found that this forfeited the defendant's arguments on appeal. *Id.* ¶ 17. Nevertheless, the court recognized that it still had the power to review the merits, if only as part of its responsibility to ensure the orderly administration of justice. *Id.* Rather than "synthesize arguments" for the parties, the court deemed it appropriate to "examine the record to ensure that the proceedings and the circuit court's order both comply with the statutory authority, nothing more." *Id.* ¶ 18. In the absence of "a clear error of law," it would affirm on the merits. *Id.*

¶ 16    Our examination of the record, including the transcript of the detention hearings, discloses no obvious errors. The court complied with the statutory procedures for detention hearings and made the necessary findings, both at the initial detention hearing and at the hearing on the motion for relief. See 725 ILCS 5/110-6.1 (West 2024). We see no reason to disturb the trial court's determinations that the State carried its burden of showing by clear and convincing evidence that Hood committed a detainable offense, that his release would pose a threat to the alleged victim's safety, and that no set of release conditions could adequately mitigate that threat.

¶ 17    For the foregoing reasons, we affirm the orders denying pretrial release and the motion for relief.

¶ 18    Affirmed.