2026 IL App (1st) 252696-U

No. 1-25-2696B

Filed May 6, 2026

Third Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 251115696 |
| | ) | |
| CESAR GARCIA, | ) | Honorable |
| | ) | Shauna L. Boliker |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Appeal of pretrial detention order dismissed for failure to file a motion for relief as required by Illinois Supreme Court Rule 604(h)(2) (eff. April 15, 2024).

¶ 2    Following his arrest, Cesar Garcia was charged by complaint with three counts of criminal sexual assault and one count of predatory criminal sexual assault under a single municipal district case number: 251115696. The State filed a petition for pretrial detention pursuant to section 110-6.1 of the Code of Criminal Procedure (725 ILCS 5/110-6.1 (West 2024)). The parties appeared for a hearing on the petition in the Pretrial Division of the circuit court on October 26, 2025. At the hearing, the State proffered evidence that Garcia had sexually assaulted four victims,

one a minor. Garcia had a familial relationship with each victim. Garcia, represented by an assistant public defender, opposed the motion. Following the proffer and argument, the court found that the State had shown the criteria for denial of pretrial release by clear and convincing evidence and ordered Garcia detained.

¶ 3　　　Weeks later, on December 12, 2025, Garcia, represented by retained counsel, appeared in the Criminal Division under four criminal case numbers related to the same charges alleged in the municipal district case.[1] Garcia's counsel asked the court to "revisit everything." The court referred to the request as a "motion for relief." Counsel argued the complaining witnesses were not credible and that electronic monitoring with additional conditions of pretrial release would be sufficient to ensure public safety. The court denied the request to release Garcia.

¶ 4　　　Garcia filed a notice of appeal on December 30, 2025, listing only the municipal district case number. The notice of appeal cited the order of October 26, 2025, as the order appealed. Garcia failed to cause the record to be filed within the required 30 days. See Ill. S. Ct. R. 604(h)(5) (eff. April 15, 2024). We allowed Garcia's March 13, 2026, motion to file the record *instanter*. Subsequently, Garcia did not file an optional memorandum. See *id*. 604(h)(7).[2]

¶ 5　　　The State filed its memorandum on April 24, 2026. Among other contentions, the State argues this appeal should be dismissed due to Garcia's failure to file the requisite motion for relief. We agree.

¶ 6　　　Illinois Supreme Court Rule 604(h)(2) (eff. April 15, 2024) requires a defendant to file a written motion in the trial court "requesting the same relief to be sought on appeal and the grounds for such relief" as prerequisite to appeal. The motion for relief "allows the movant to identify errors

---

[1]Garcia failed to file the common law record for these case numbers. No charging documents beyond the initial complaint appear in the record before us.

[2]The substantial delay in filing the record caused disposition of this appeal to occur beyond 100 days from the filing of the notice of appeal. See Ill. S. Ct. R. 604(h)(8) (eff. April 15, 2024).

in the circuit court's detention decision and give the court the chance to correct any errors and potentially change its ruling in the movant's favor." *People v. Patterson*, 2025 IL App (1st) 250510, ¶ 18 (citing *People v. Burries*, 2025 IL App (5th) 241033, ¶ 30). The motion also frames the issues for appeal, as "any issue not raised in the motion for relief *** shall be deemed waived" for appellate purposes. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 7        Here, although the court referred to Gacia's oral request to "revisit everything" as a motion for relief, no written motion was filed. As noted, the common law record for the criminal division cases is absent from the record before us. The State's memorandum states that no written motion for relief was filed. The failure to file a written motion for relief requires dismissal of an appeal from an order denying pretrial release. *People v. Cooksey*, 2024 IL App (1st) 240932, ¶ 19. Accordingly, we dismiss this appeal.

¶ 8        Appeal dismissed.